[Civ. No. 5019. Second Appellate District, Division One.—February 21, 1928.]

JAMES L. HEAP et al., Respondents, v. E. R. RODGERS et al., Appellants.

Lester G. King and D. M. Edwards for Appellants.

A. S. Maloney and John L. Campbell for Respondents.

HAHN, J., *pro tem.*—The action which gives rise to this appeal is one wherein the plaintiffs sued to recover judgment against the defendants for a balance alleged remaining unpaid on account of several crops of apples, each owned by a separate plaintiff and sold separately to the defendants. The court found in favor of plaintiffs, and from the judgment rendered defendant E. L. Askin appeals.

A unique situation is presented by this action in that four plaintiffs have joined in an action to recover a joint judgment based upon four separate contracts. Each contract was made separately and at different times and represented a separate and distinct purchase by Rodgers & Co., the defendant, and the joint judgment prayed for is the total of the four separate balances owing on the four contracts.

Inasmuch as the defendants made no point of the misjoinder of parties plaintiff or causes of action in the court below, nor have they raised any such question on appeal, we pass to a discussion of the one point urged by appellant for a reversal of the judgment. Appellant states this point in his brief in the following language: "Evidence not sufficient and against the facts."

Under this heading appellant in his brief discusses the evidence for the apparent purpose of pointing out that it is insufficient to support the findings and judgment, and in our consideration of the case we will put this interpretation upon the appellant's above-worded contention.

Each of the four plaintiffs being owners of separate apple orchards in San Bernardino County contracted to sell his crop of apples to a concern designated in the written contract executed in each sale as "E. R. Rodgers & Co." Respondents' contention was and is that E. R. Rodgers &

Company was a copartnership, consisting of defendants E. R. Rodgers, Willard Morton, and E. L. Askin. Askin alone answered the complaint, and the principal issue tendered by him was the question of who constituted the firm of E. R. Rodgers & Company. Askin there urged and in his appeal contends that he was not a partner, but that the firm of E. R. Rodgers & Company was a partnership consisting alone of E. R. Rodgers and Willard Morton.

The evidence upon the question of who constituted the partnership is markedly in conflict. To point out the details of this conflict would serve no useful purpose. We are satisfied that there was sufficient evidence to sustain the court in finding that appellant was a copartner with Rodgers and Morton, doing business under the firm name of E. R. Rodgers & Company. Under these circumstances this court must hold that there is sufficient evidence to sustain the findings complained of and affirm the judgment.

The judgment is accordingly affirmed.

Houser, Acting P. J., and York, J., concurred.